SUMMARY ORDER

Petitioner Guo Ying Lin, a native and citizen of the People’s Republic of China, seeks review of a February 12, 2008 order of the BIA denying his “Motion to Reopen/Reonsider.” In re Guo Ying Lin, No. A070 899 868 (B.I.A. Feb. 12, 2008). We assume the parties’ familiarity with the underlying facts and procedural history in this case.
We review the BIA’s denial of a motion to reopen or reconsider for abuse of discretion. See Kaur v. BIA, 413 F.3d 232, 233 (2d Cir.2005) (per curiam); Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). The BIA did not abuse its discretion in denying Lin’s motion to reconsider for failure to specify errors of fact or law in its prior decision denying his first motion to reopen as untimely. See 8 C.F.R. § 1003.2(b)(1); see also Ke Zhen Zhao v. U.S. Dep’t of Justice, 265 F.3d 83, 90 (2d Cir.2001). Indeed, in his motion to reconsider, Lin argued that the BIA should have excused the untimeliness of his first motion to reopen based on the ineffective assistance of his former counsel; however, as the BIA noted, Lin did not make such an argument in his first motion to reopen. See 8 C.F.R. § 1003.2(b)(1); see also In re O-S-G-, 24 I. & N. Dec. 56, 58 (BIA 2006) (providing that “[a] motion to reconsider is not a mechanism by which a party may file a new brief before the Board raising additional legal arguments that are unrelated to those issues raised before”).
The BIA also did not abuse its discretion in denying Lin’s second motion to reopen as untimely and number-barred. Indeed, there is no dispute that Lin’s second motion to reopen filed in November 2006 was untimely and number-barred where the BIA entered a final order of removal in March 2002. See 8 C.F.R. § 1003.2(c)(2) (providing that an alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered).
Furthermore, the BIA did not abuse its discretion in declining to equitably toll the time period for filing Lin’s motion to reopen because he failed to demonstrate that he exercised due diligence in pursuing his ineffective assistance of counsel claim. See Cekic v. INS, 435 F.3d 167, 170 (2d Cir.2006). Contrary to Lin’s argument, the BIA did not err in requiring him to demonstrate due diligence in pursuing his claims during the time period before his discovery of the purportedly ineffective assistance of his former counsel. See Rashid v. Mukasey, 533 F.3d 127, 131 (2d *656 Cir.2008). Moreover, the record supports the BIA’s finding that Lin failed to take any actions in his case for almost a year between the BIA’s March 2002 decision dismissing his appeal and his discovery of that dismissal in February 2003. Even after discovering the allegedly ineffective assistance of counsel, Lin waited more than three years to file a motion to reopen. Given this substantial delay, the BIA did not err in refusing to equitably toll the time period for filing Lin’s motion. See Jian Hua Wang v. BIA, 508 F.3d 710, 715 (2d Cir.2007).
In addition, Lin abandons any challenge to the BIA’s determination that he failed to demonstrate material changed country conditions excusing the time and numerical limitations for filing his motion to reopen. See 8 C.F.R. § 1003.2(c)(3)(ii) (providing that there is no time limit for filing a motion to reopen if it is “based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing”). Instead, Lin argues that we should remand his case for reconsideration of his motion to reopen in light of our decision in Jian Hui Shao v. Mukasey, 546 F.3d 138, 169-72 (2d Cir.2008). However, in Man Hui Shao, we reviewed the agency’s analysis of evidence similar to that in the record of this case, and concluded that it did not err in finding that such evidence does not demonstrate either material changed country conditions or a reasonable possibility of persecution. 546 F.3d at 169-72. Therefore, remand is inappropriate. See id.; see also Xiao Xing Ni v. Gonzales, 494 F.3d 260, 269 (2d Cir.2007).
For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).